# EXHIBIT A

Alise M. Fonseca, SBN 302995
Philip Alexander, SBN 235216
Harris Personal Injury Lawyers
301 Mission Avenue, Suite 203
Oceanside, CA 92054
Telephone: (760) 231 9970
Fax:       (760) 231 9919

*Attorney for Plaintiff*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**11/17/2021** at 04:24:00 PM
Clerk of the Superior Court
By Ashley Carini, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO – NORTH COUNTY DIVISION

| | |
|---|---|
| ESAI DIAZ, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>ALLSTATE INDEMNITY COMPANY, a business entity; and DOES 1 through 50, Inclusive,<br><br>Defendants. | CASE NO. 37-2021-00048769-CU-BC-NC<br><br>**COMPLAINT**<br><br>1. Breach of the Implied Covenant of Good Faith and Fair Dealing<br>2. Breach of Contract |

Plaintiff ESAI DIAZ ("Plaintiff") alleges as follows:

### THE PARTIES

1. Plaintiff is, and at all times herein mentioned was, an individual residing in Oceanside, California.

2. Defendant ALLSTATE INDEMNITY COMPANY ("ALLSTATE") is an Illinois business entity doing business in the State of California.

3. Plaintiff is ignorant of the true names and capacities of Defendants, Does 1 through 50, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of these Defendants once they are ascertained. Plaintiff is informed, believes and thereon allege that each of these Defendants is

responsible in some manner for the wrongful acts alleged in this Complaint and proximately caused Plaintiff's damages.

4. Plaintiff is informed and believes, and thereon alleges, that in doing the acts complained herein, each of the defendants named in the action was acting, at least in part, as the agent, servant, joint venturer and/or employee of each other, acting with the approval of the other defendants in the course of such agency, service, employment and/or joint venture. In the alternative, Plaintiff alleges that the acts of each such defendant were subsequently ratified by the other defendants.

## VENUE

5. Venue is proper in the County of San Diego, State of California, because the defendant may be sued in any county in this state per the holding of *Easton v. Superior Court* (1970) 12 Cal. App. 3d 243. In addition, the automobile accident which gave rise to the claim for underinsured motorist benefits by Plaintiff against Defendant ALLSTATE, under Policy number 927787082 occurred in San Diego County.

## GENERAL ALLEGATIONS

6. Plaintiff hereby incorporates by reference paragraphs 1 through 5 as though fully set forth herein.

7. At all times herein mentioned, "Defendants" refers to ALLSTATE INDEMNITY COMPANY, and DOES 1 through 50.

8. At all times herein mentioned Defendant ALLSTATE issued to Plaintiff a written automobile insurance policy, policy number 927787082, ("POLICY"), which included underinsured motorist coverage.

9. The POLICY provided underinsured motorist coverage to Plaintiff and stated that Defendants would provide $1,000,000.00 in underinsured motorist coverage. The POLICY provided that Defendants were entitled to an offset for any payments to Plaintiff made by automobile insurance carriers which insured third persons who caused injury or damage to a plaintiff for which a claim for underinsured motorist benefits could be brought against Defendant ALLSTATE.

## CAUSE OF ACTION

*(Breach of the implied covenant of good faith and fair dealing)*

10. Plaintiff hereby incorporates by reference paragraphs 1 through 9 as though fully set forth herein.

11. On or about January 31, 2016, an automobile accident occurred. The automobile accident involved an automobile driven by Gabriel Flores. Mr. Flores was insured under an automobile liability insurance policy. The automobile liability insurance coverage for Mr. Flores was $15,000.00 per person and $30,000.00 per occurrence. On or about January 4, 2018, Plaintiff settled his claim with Mr. Flores for payment of his policy limits. Plaintiff then pursued his claim for underinsured motor benefits under their POLICY with their automobile insurance carrier, ALLSTATE.

12. Defendant ALLSTATE unreasonably and wrongfully refused to pay Plaintiff's request for the underinsured motorist benefits that he was entitled to receive. Plaintiff has a claim which had a value in excess of $15,000.00. Defendant ALLSTATE unreasonably and wrongfully refused to pay the underinsured motorist benefits to Plaintiff when due and otherwise delayed the payment of said benefits to Plaintiff.

13. Implied in the insurance POLICY issued to Plaintiff by Defendant ALLSTATE was a covenant of good faith and fair dealing, pursuant to which, among other things, Defendant ALLSTATE was required to give the interests of Plaintiff equal consideration with its own interests, and to deal fairly, in good faith, and openly with Plaintiff. Furthermore, Defendant ALLSTATE was not to take steps to deny the benefits for which Plaintiff had contracted. Plaintiff purchased this policy for his peace of mind and protection and relied upon the contract of insurance and the covenants implied therein to protect them from damages caused by underinsured motorists who might cause him injury. All of the damages arising from the underlying claim were covered under his underinsured motorist coverage of the above-referenced POLICY. Defendant ALLSTATE was put on timely and adequate notice of the existence and nature of Plaintiff's claim for underinsured motorist benefits and yet the Defendant refused and failed to pay the benefits when due.

14. Despite repeated demands by Plaintiff, Defendant ALLSTATE unreasonably and without proper cause or adequate investigation refused to properly and timely pay the benefits due to Plaintiff in his claim for underinsured motorist benefits in the underlying litigation. Furthermore, Defendant ALLSTATE failed to reasonably handle and investigate the claim for underinsured motorist benefits and engaged in practices which contravene Insurance Code section 790.03 and the regulations pertaining thereto, which are set forth in the Fair Claims Settlement Practice Regulations issued by the California Department of Insurance. Defendant ALLSTATE breached the covenant of good faith and fair dealing implied in the POLICY it had with Plaintiffs when Defendant ALLSTATE failed and refused to pay the underinsured motorist benefits due to Plaintiff and acted in a way to unreasonably delay the payment of these benefits. Defendant ALLSTATE, and DOES 1 through 50, breached their duty of good faith and fair dealing by, among other things, the following actions:

    a. Failing to properly and timely investigate the underinsured motorist claim;

    b. Failing to adopt and implement reasonable standards for the prompt processing of claims;

    c. Failing without proper cause to compensate its insured for a loss caused by an underinsured tortfeasor that is clearly covered by the policy;

    d. Requiring the insured to proceed to arbitration even when both liability and the amount of damages are clear and thereby increasing the amount of his attorney's fees and costs;

    e. Failing and unreasonably refusing to pay underinsured motorist benefits due to Plaintiffs in a timely fashion;

    f. Placing Defendant ALLSTATE's own economic interests over and above those of Plaintiff;

    g. Failing to conduct a reasonable investigation;

    h. Misrepresenting the evidence and failing to make any settlement offers to Plaintiff;

    i. Abusing the discovery process to embarrass and harass Plaintiff;

j. Using it experts to embarrass, demean, humiliate, and disgrace Plaintiff in an untruthful and intentional manner;

k. Engaging in unfair claim settlement practices, in violation of the applicable statutes and regulations, including, but not limited to, Insurance Code section 790.03 (h) and the regulations pertaining thereto issued by the California Department of Insurance under the Fair Claims Settlement Practice Regulations;

l. Making ZERO offers to Claimant when his case was obviously and clearly worth more than the underlying $15,000.00.

m. Stringing along their own insured along for months and years hoping to wear him down and get him to dismiss his legitimate and lawful UIM claim; and

n. Other acts and omissions of which Plaintiff is presently unaware, but which will be proved at time of trial.

15. Defendant ALLSTATE engaged in despicable conduct, including persistent and stubborn stonewalling, refusal to communicate, improper and inadequate investigation and evaluation of the underlying claim by Plaintiff for underinsured motorists benefits, exploitation of the unequal bargaining position of the parties, failing to adequately and reasonably investigate the claim being brought by Plaintiff, engaging in strategic delay tactics, failing and unreasonably refusing to pay benefits due to Plaintiff under the POLICY, failing to timely settle Plaintiff's claim for underinsured motorist benefits, failing to comply with Insurance Code section 790(a-h) and the regulations pertaining thereto, and putting its own interests ahead of the interests of Plaintiff's. This conduct was deliberate, calculated and intentional, and done in the conscience disregard of the Plaintiff's rights, and with an aim towards protecting any of the Defendant's economic interest at the expense of Plaintiff's interests as indicated by the following:

a. On January 10, 2018, Plaintiff sent a demand for arbitration through his underinsured motorist's policy by way of certified return receipt.

b. On March 18, 2018, having not received a response from Defendant with regard to the above-mentioned demand, which had since expired, Plaintiff's counsel contacted

Defendant for status. Defendant stated the demand had not been received, despite the return receipt being received; Plaintiff then resent the demand on March 18, 2018.

      c.      Again, on July 24 and July 26, 2018, having not received a response from Defendant with regard to demand resent on March 18, 2018, which had since expired, Plaintiff's counsel contacted Defendant for status. Defendant stated once again that the demand had not been received, despite the return receipt being received; Plaintiff then resent the demand on July 26, 2018.

      d.      Again, on October 3, 2018, having not received a response from Defendant with regard to demand resent on July 26, 2018, which had since expired, Plaintiff's counsel contacted Defendant for status. Defendant stated once again that the demand had not been received, despite the return receipt being received; Plaintiff then resent the demand on October 3, 2018.

      e.      On November 14, 2018, having still not received a response, Plaintiff contacted Defendant to inquire as to whether the claim had been assigned to counsel; Defendant did not respond.

      f.      On January 11, 2019, Defendant confirmed that the claim had been transferred to the arbitration department and had been referred to counsel, after over a year of delays.

      g.      On April 16, 2019, Plaintiff sent a letter to Defendant's proposing arbitrators, as the matter was over three (3) years old. Defendant did not respond.

      h.      On June 6, 2019, Plaintiff met and conferred with Defendant over their overdue discovery responses. On June 13, 2019, Defendant's counsel stated that they had never received any of Plaintiff's discovery requests, despite confirming receipt of other correspondence sent on the same date.

      i.      After completion of the discovery phase, on December 16, 2019, almost four (4) years after the accident, Plaintiff demanded arbitration once again and proposed a list of arbitrators; to which Defendant did not provide any.

///

Complaint for Damages
6

j.  Having received no response to the prior correspondence, on March 23, 2020, Plaintiff sent an email to Defendant reiterating his demand for arbitration and once again proposing various neutrals to preside over the matter.

k.  During the discovery phase, Plaintiff was subject to harassment and condescension by Allstate and their expert, making personal attacks against their insured for seeking reimbursement for his personal injury claim, pursuant to the contract between Plaintiff and Allstate.

16.  Defendant ALLSTATE breached the covenant of good faith and fair dealing arising from the above-referenced POLICY and is liable to Plaintiff for all detriment and damages proximately caused by such breach, which detriment is an amount equal to all of the increased attorney's fees as well as the costs incurred by Plaintiff to recover his underinsured motorist benefits from Defendant ALLSTATE, emotional distress and bodily injury, punitive damages and attorney's fees under *Brandt v. Superior Court* (1985) 37 Cal.3d 813, all in an amount to be proven at trial should Plaintiff prevail in this action.

17.  The above-referenced breaches of the implied covenant of good faith and fair dealing were intentionally done with callous and conscience disregard for the rights of Plaintiff, and were willful, malicious and oppressive, and designed to injure Plaintiff. Such conduct was done as a course of business conduct by Defendant ALLSTATE and with the prior knowledge, consent or subsequent ratification by an officer, director or managing agent of Defendant ALLSTATE. Therefore, Plaintiff is entitled to punitive and exemplary damages in an amount sufficient to punish Defendant ALLSTATE, and DOES 1 through 50, for their wrongdoing, and to deter similar conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1.  For non-economic and compensatory damages including, but not limited to, pain and suffering and emotional distress damages, in an amount to be determined at time of trial;

///

2. For economic damages which include, but are not limited to, the increased attorney's fees, expenses and other costs incurred by Plaintiff in having to initiate an arbitration proceeding against Defendant ALLSTATE to force it to pay its POLICY benefits under the underinsured motorist coverage of the POLICY issued by Defendant ALLSTATE to Plaintiff;

3. For attorney's fees pursuant to the *Brandt* decision;

4. For costs of suit incurred herein;

5. For punitive damages according to proof;

6. For such other and further relief as this Court deems just and proper.

Dated: November 17, 2021              Harris Personal Injury Lawyers, Inc.


                                By:   /s/ Alise M. Fonseca
                                      Alise M. Fonseca
                                      Attorney for Plaintiff