# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESAI DIAZ,<br><br>    Plaintiff,<br><br>v.<br><br>ALLSTATE NORTHBROOK INDEMNITY COMPANY,<br><br>    Defendant. | Case No.: 22-cv-705-MMA (WVG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT**<br><br>[Doc. No. 5] |

On November 17, 2021, Plaintiff Esai Diaz ("Plaintiff") initiated a breach of implied covenant and breach of contract action against Defendant Allstate Northbrook Indemnity Company ("Defendant") in the Superior Court of California, County of San Diego. Doc. No. 1-2 ("State Ct. Compl."). On May 17, 2022, Defendant filed a notice of removal to this Court. Doc. No. 1 ("Notice of Removal"). Plaintiff now moves to remand the action back to state court. Doc. No. 5. Defendant filed an opposition. *See* Doc. No. 7. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 8. For the reasons set forth below, the Court **DENIES** Plaintiff's motion to remand.

## I. B<small>ACKGROUND</small>

This action arises from a written automobile insurance policy Defendant issued to Plaintiff. State Ct. Compl. ¶ 8. The policy included $1,000,000.00 in underinsured motorist coverage. *Id.* ¶ 9.

In January 2016, Plaintiff was involved in an automobile accident, and Gabriel Flores was the other driver involved in the accident. *Id.* ¶ 11. Mr. Flores maintained automobile liability insurance coverage of $15,000.00 per person and $30,000.00 per occurrence. *Id.* In January 2018, "Plaintiff settled his claim with Mr. Flores for payment of his policy limits." *Id.* Then, Plaintiff "pursued his claim for underinsured motor benefits under [his policy] with [his] automobile insurance carrier, ALLSTATE." *Id.* Plaintiff sent a few arbitration demands to Defendant, and he subsequently contacted Defendant multiple times before the claim was transferred to Defendant's arbitration department. *Id.* ¶ 15. Then, Plaintiff and Defendant corresponded and met multiple times concerning the claim and discovery. *Id.* Plaintiff alleges Defendant "unreasonably and wrongfully refused to pay Plaintiff's request for the underinsured motorist benefits that he was entitled to receive." *Id.* ¶ 12. Further, Plaintiff alleges his policy with Defendant contained an implied covenant of good faith and fair dealing. *Id.* ¶ 13.

On November 17, 2021, Plaintiff filed his Complaint in the Superior Court of California, County of San Diego. *See generally id.* Plaintiff brings two causes of action against Defendant: (1) breach of implied covenant of good faith and fair dealing; and (2) breach of contract. *See generally id.* On December 21, 2021, Defendant served on Plaintiff a request for Statement of Damages. Doc. No. 1-5 at 2–3. On April 19, 2022, Plaintiff served on Defendant a Statement of Damages where he sought general damages of pain, suffering, inconvenience, and emotional distress to be later determined; punitive damages to be later determined; and at least $46,695.00 in attorney's fees and costs and at least $5,794.52 in prejudgment interest. Doc. No. 1-6 ("Statement of Damages") at 2. On May 17, 2022, Defendant removed the action to this Court. *See generally* Notice of Removal. Now, Plaintiff moves to remand the action to state court. *See* Doc. No. 5.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute." *Id.* "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)). The party seeking federal jurisdiction bears the burden to establish jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S 178, 182–83 (1936)). Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332.

28 U.S.C. § 1441(a) provides for removal of a civil action from state to federal court if the case could have originated in federal court. The removal statute is construed strictly against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

## III. DISCUSSION

Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, alleging diversity jurisdiction. Notice of Removal at 3. Plaintiff alleges that Defendant's removal was improper because the Court lacks diversity jurisdiction and removal was untimely. Doc. No. 5 at 3.[1] The Court addresses each issue in turn.

**A.  Diversity Jurisdiction**

Plaintiff contends in his motion that the case must be remanded because the Court lacks subject matter jurisdiction. *Id.* at 7. Plaintiff asserts that he is a citizen of

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

California, and Defendant is also considered a citizen of California for diversity purposes because "the insured is a California citizen" and the matter concerns a dispute under an insurance policy the insured has with Defendant. *Id.* Plaintiff's argument relies heavily on 28 U.S.C. § 1332(c)(1)'s plain language. *Id.* at 8–9. It is based on his analysis of the statute's plain language that Plaintiff argues in conclusion "the main cause of action in the subject case is a 'direct action.'" *Id.* at 7. Thus, Plaintiff asserts that "the Court should apply the statute's plain language and remand the case." *Id.* at 9.

Defendant contends in opposition that the Section 1332(c)(1) exception does not apply here and complete diversity exists between the parties. Doc. No. 7 at 14. Defendant relies on the Ninth Circuit's interpretation of Section 1332(c)(1) direct action claims, where the court narrowed the application of Section 1332(c)(1) to direct actions. *Id.* Defendant contends that "[b]ecause plaintiff is 'seeking to impose liability against Allstate for its own tortious conduct' (i.e., mishandling his [underinsured motorist claim], not against the other driver, it is not a 'direct action' within the meaning of section 1332(c)." *Id.* at 15. Importantly, Defendant points to a Southern District of California case that addressed the same issue presented in this case, under identical facts, where the court found that the plaintiff's bad faith claim against their insurer was not a direct action. *Id.* (quoting *Heredia v. Allstate Indem. Co.*, No. 15cv1642 WQH (RBB), 2015 WL 6828682, at *3 (S.D. Cal. Nov. 6, 2015)). Thus, Defendant argues that the direct action exception does not apply, and it is a citizen of Illinois so complete diversity exists. *Id.* at 16.

Pursuant to 28 U.S.C. § 1332, a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Supreme Court has interpreted Section 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Section 1332(c)(1), which governs corporation's citizenship for diversity purposes, provides:

> A corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State and foreign state of which the insured is a citizen.

28 U.S.C. § 1332(c)(1).  The Ninth Circuit elaborated that "[t]his portion of § 1332(c) was enacted . . . specifically to eliminate from diversity jurisdiction tort claims in which both the injured party and the tortfeasor are local residents, but which, under state 'direct action' statutes, are brought against the tortfeasor's foreign insurance carrier without joining the tortfeasor as a defendant." *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901 (9th Cir. 1982).  As used in the amendment, "direct action" has been uniformly defined as "those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." *Id.* at 902–03.  Essentially, the court acknowledged, that "unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." *Id.* at 902 (quoting *Walker v. Firemans Fund Ins. Co.*, 260 F. Supp. 95, 96 (D. Mont. 1996)).  In *Beckham*, the Ninth Circuit found that the action did not involve a "direct action" subject to the Section 1332(c) exception because the plaintiff did not "seek[] to impose liability on Safeco for the negligence of Safeco's insured, Mankin.  Rather, she is seeking to impose liability on Safeco for its own tortious conduct, i.e., Safeco's bad faith refusal to settle her claim against Mankin." *Id.*  The Ninth Circuit's interpretation of Section 1332(c)(1) "makes clear that in a suit brought by an injured or damaged party, unless the action brought against the insurer could have been brought against the person who is legally responsible

for the injury or damage, the action is not a 'direct action' under 28 U.S.C. § 1332(c)(1)." *Heredia*, 2015 WL 6828682, at *3.

In the present action, Plaintiff brings a bad faith action against Defendant, specifically alleging claims for breach of the covenant of bad faith and fair dealing and breach of contract—which existed between the parties pursuant to Plaintiff's underinsured motorist policy with Defendant. State Ct. Compl. ¶¶ 8, 9, 11–13. Such bad faith claims "could not be brought against the party responsible for the car accident from which Plaintiff['s] injuries arose," so the present action is not a "direct action." *Heredia*, 2015 WL 6828682, at *3. Accordingly, the Section 1332(c)(1) rule for determining insurance company citizenship in a direct action case does not apply to this case. Thus, Defendant's citizenship for diversity purposes must be determined by its place of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is incorporated in and has its principal place of business in Illinois. Notice of Removal at 3; *see also* Doc. No. 7 at 13 (citing Gordon Decl. ¶ 3).[2] Thus, Defendant is deemed an Illinois citizen for diversity purposes. Plaintiff is a citizen of California. State Ct. Compl. ¶ 1. Accordingly, there is complete diversity between the parties, and diversity jurisdiction exists in the present case.

**B.    Timeliness of Removal**

Plaintiff asserts in his motion that removal of the case was untimely because Defendant was served the initial complaint in the case on November 17, 2021 and the Notice of Removal was filed on May 17, 2022. Doc. No. 5 at 4. Plaintiff specifically

---

[2] Defendant in opposition asserts that one of Plaintiff's bases for remand is that he purchased the policy in California and dealt only with California offices and staff. Doc. No. 7 (citing Doc. No. 5 at 4). It appears, however, that Plaintiff only makes this assertion in the "background" section of the motion, and does not elaborate on the issue throughout the motion's remainder. *See* Doc. No. 5 at 7–11. The Court does not dive into the merits of either party's argument on this issue because his "direct action" argument seems to truly be the basis for his diversity argument. And in any event, the Court need not dive into any such argument by Plaintiff because, as Defendant points out through declarations and case law, Defendant is incorporated and has its principal place of business in Illinois. Doc. No. 7 at 13 (citing Gordon Decl. ¶ 3).

argues that (1) his "Complaint made allegations that support claims for a litany of damages including attorney's fees and costs, pain and suffering, emotional distress, and punitive damages[;]" and (2) Defendant "was previously well aware of Plaintiff's claim for damages in the underlying underinsured motorist case which amounted to over $150,000.00." *Id.* at 6.

Defendant contends, in response to Plaintiff's sufficiency of allegations argument, the Complaint did not establish an amount in controversy, namely because the face of the Complaint only contains vague factual allegations to support Plaintiff's damages claim. Doc. No. 7 at 9. Defendant points to numerous courts within the Ninth Circuit that have "held damages claims must be specific to establish an amount in controversy." *Id.* In response to Plaintiff's knowledge argument, Defendant argues that its "*subjective* knowledge is irrelevant for purposes of triggering removal and establishing amount in controversy." *Id.* at 10. Additionally, Defendant asserts that "the damages recoverable in a[n underinsured motorist] claim are entirely different from those recoverable in a bad faith case." *Id.* Further, Defendant elaborates that its May 17, 2022 removal was timely based upon Plaintiff's April 19, 2022 filing of his Statement of Damages, which conforms with the "other papers" of Section 1446(b)(3) requiring removal within thirty days after the "other paper" that makes the case removal is filed. *Id.* at 11–12. Defendant points to many other cases, most of which are within this Circuit, that held a Statement of Damages constitutes an "other paper" to start the thirty-day removal. *Id.* Thus, Defendant asserts removal was timely. *Id.*

In order to remove a case from state to federal court, the defendant must file "a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders serviced upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Section 1446(b) governs timeliness of removal:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a

>   copy of the initial pleading . . . , or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
>   . . .
>
>   (3) . . . [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id.* § 1446(b)(1) & (3). To summarize, section 1446(b) provides two thirty-day time periods for removal. The first thirty-day period is only triggered "if the case stated by the initial pleading is removable on its face." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The second thirty-day period is only "triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, or other paper' from which removability may first be ascertained." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). "Section 1446(b)'s time limits are mandatory, and a timely objection to a late petition will defeat removal." *Chavarria v. Mgmt & Training Corp.*, No. 16-cv-617-H (RBB), 2016 WL 11621563, at *2 (S.D. Cal. May 13, 2016) (first citing *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014); and then citing *Carvalho*, 629 F.3d at 885); *Carvalho*, 629 F.3d at 885 ("If the notice of removal was untimely, a plaintiff may move to remand the case back to state court."). Moreover, Section 1446(b)'s time limits "should be construed narrowly in favor of remand to protect the jurisdiction of state courts." *Harris*, 425 F.3d at 698.

Here, Defendant was served with Plaintiff's Complaint and Summons on November 17, 2021. State Ct. Compl. at 9. However, Defendant did not file its removal notice until May 17, 2022, six months later. Notice of Removal at 11. Thus, if Section 1446(b)'s first thirty-day window applies to the present action, then Defendant's removal was untimely. *See* 28 U.S.C. § 1446(b)(1).

### 1. Removal Within Thirty Days of Initial Pleading

Section 1446(b)'s first thirty-day period only applies if the initial pleading "is removable on its face." *Carvalho*, 629 F.3d at 885. Accordingly, "the first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage." *Harris*, 425 F.3d at 694; *see Rodriguez v. Boeing Co.*, No. CV 14-04265-RSWL (AGRx), 2014 WL 3818108, at *4 (C.D. Cal. Aug. 1, 2014) (providing that when considering amount in controversy, "[a] pleading need not identify a specific amount in controversy in order to trigger the thirty-day removal period under 28 U.S.C. § 1446(b)(1)" (citing *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005))). The Ninth Circuit has adopted the same approach as other circuits concerning indeterminate pleadings: "[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." *Harris*, 425 F.3d at 695. In determining whether an initial pleading is removable, the court must examine "the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694. "[D]efendants need not make extrapolations or engage in guess work; yet the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'" *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (Feb. 25, 2013) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)). Indeed, the Ninth Circuit has also

> emphasized that "a defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability." . . . Accordingly, "even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document."

*Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018) (quoting *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013)). "Even the simplest of

inquiries is not required." *Stiren v. Lowes Home Ctrs., LLC*, No. 8:19-cv-00157-JLS (KES), 2019 WL 1958511, at *3 (C.D. Cal. May 2, 2019). Instead, the thirty-day period is only triggered "when the jurisdictional minimum is apparent from the face of the document." *Id.*; *see also Sweet v. United Parcel Serv., Inc.*, No. CV 09-02653 DDP (RZx), 2009 WL 1664644, at *3 (C.D. Cal. June 15, 2009) ("[*Harris*] rejected the proposition that a defendant has a duty to investigate—in its own record or otherwise—a basis for removal when the pleading does not disclose one on its face."). Further, the Ninth Circuit has provided that "[p]referring a clear rule, and unwilling to embroil the courts in inquiries 'into the subjective knowledge of [a] defendant,' we declined to hold that materials outside the complaint start the thirty-day clock." *Kuxhausen*, 707 F.3d at 1140.

Here, the Court finds the amount in controversy was unascertainable based on Plaintiff's initial pleading.[3] The general damages allegations are not sufficient to trigger the first thirty-day period pursuant to section 1446(b)(1). *See* State Ct. Compl. ¶¶ 14–17, Prayer for Relief. Specifically, Plaintiff seeks general non-economic and compensatory damages, including those for pain, suffering, and emotional distress; economic damages, including attorney's fees, costs, expenses tied to the arbitration for the underlying policy; general attorney's fees and costs; and punitive damages.[4] *See* Prayer for Relief. Thus, the Complaint does not allege damages from which Defendant could have reasonably

---

[3] Additionally, Plaintiff's motion appears to be devoid of any argument as to how the allegations in his Complaint are sufficient to indicate the amount in controversy exceeded $75,000. And Defendant put forth information in its Notice of Removal and opposition pertaining to information later discovered that indicated to it that the case had become removable—to which Plaintiff did not rebut the fact that the amount in controversy does not exceed $75,000 nor why his Complaint was removable on its face.

[4] At most, Plaintiff states in his Complaint that "his case was obviously and clearly worth more than the underlying $15,000." State Ct. Compl. ¶ 14. Still, this statement is insufficient to provide Defendant with the ability to reasonably calculate whether the amount in controversy exceeded $75,000, notably because Defendant would have had to engage in a good amount of "guess work" in order to fill in the gap between $15,000 and $75,000.

calculated whether the amount in controversy exceeded $75,000.[5] *See Freed v. Home Depot U.S.A., Inc.*, No. 18-cv-00359, 2018 WL 6588526, at *2 (S.D. Cal. May 25, 2018) ("Plaintiff's general allegations relating to damages in her complaint are insufficient to trigger the first thirty-day period under section 1446(b)(1). She omitted specific allegations such as the types of injuries she suffered from, what medical procedures she received, and any details about her job, nor did her complaint include a request [for] punitive damages."); *Gonzalez v. Costco Wholesale Corp.*, No. EDCV 21-1140 JBG (KK), 2021 WL 4916608, at *3 (C.D. Cal. Oct. 21, 2021) ("For injuries, pain-and-suffering, and loss of employment suffered due to a slip-and-fall, Plaintiff seeks recovery for general damages, medical and incidental expenses, loss of earnings and earning capacity, pre-judgment interest, and costs of the suit. . . . The Court cannot discern from these allegations alone whether the amount in controversy exceeds $75,000."); *Owens v. Westwood Coll. Inc.*, No. CV 13-4334-CAS-(FFMx), 2013 WL 4083624, at *2 (C.D. Cal. Aug. 12, 2013) ("[T]he complaint is silent on amount of damages. Nor does it include information—such as the amount of the loan at issue—from which defendants could reasonably calculate that the amount in controversy exceeded $75,000."). And Defendant was under no obligation to supply information that Plaintiff had omitted from his initial pleading. *See Harris*, 425 F.3d at 694; *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006). Further, to the extent Plaintiff asserts Defendant was aware of his damages claim on the underlying underinsured motorist case and the claim's value, his argument lacks merit. Whether the case is removable on the complaint's face does not implicate the defendant's subjective knowledge. *See Kuxhausen*, 707 F.3d at 1140; *Harris*, 425 F.3d at 694; *see also Avans v. Foster Wheeler Constr. Co.*, No. 1:10-cv-0922 LJO JLT, 2010 WL 3153972, at *4 (E.D. Cal. Aug. 6, 2012) ("[A] defendant's own records cannot logically constitute 'other paper' under § 1446(b). . . . Thus, the court

---

[5] The Court notes that the Complaint is even silent as to, for example, the fees, costs, and expenses connected to the arbitration—damages Plaintiff specifically seeks to recover. *See* Prayer for Relief.

held that *even* if the defendant 'could have ascertained that the amount in controversy . . . by reviewing its own records . . . this would not have triggered the thirty day period for removal under § 1446(b).'" (quoting *Molina v. Lexmark Int'l, Inc.*, No. CV 08-04796 MMM (FMx), 2008 WL 4447678, at *18 (C.D. Cal. Sept. 30, 2008))). Accordingly, without allegations or information sufficient for Defendant to calculate whether the amount in controversy exceeded $75,000, this case is not one where it was removable on the face of the Complaint.

### 2. Removal Within Thirty Days of an "Other Paper"

As to the second thirty-day requirement, "even if a case were not removable at the outset, if it is rendered removable by virtue of a change in the parties or other circumstance revealed in a newly-filed 'paper,' then the second thirty-day window is in play." *Harris*, 425 F.3d at 694. Defendants are not charged "with notice of removability until they've received a paper that gives them enough information to remove." *Durham*, 445 F.3d at 1251. The term "other paper" is not defined in the statute, but "courts within the Ninth Circuit have interpreted this term broadly." *Ali v. Setton Pistachio of Terra Bella, Inc.*, No. 1:19-cv-00959-LJO-BAM, 2019 WL 6112772, at *2 (E.D. Cal. Nov. 18, 2019); *Roth*, 720 F.3d at 1126 (providing that plaintiffs "need only provide to the defendant a document from which removability may be ascertained [to] trigger the thirty-day removal period"); *see also, e.g.*, *Rynearson v. Motricity, Inc.*, 626 F. Supp. 2d 1093, 1097 (W.D. Wash. 2009). A Statement of Damages is generally considered an "other paper" that could trigger the thirty-day period if it "is sufficient to put a defendant on notice regarding the amount in controversy as long as the estimate is 'sufficiently supported by details of the injuries claimed and clearly indicate[s] that the amount in controversy exceed[s] the jurisdictional amount.'" *De Paredes v. Walmart Inc.*, No. 2:20-cv-08297-RGK-AFM, 2020 WL 6799074, at *2 (C.D. Cal. Nov. 17, 2020) (quoting *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007)); *see Stiren*, 2019 WL 1958511, at *3; *Paine v. Sunflower Farmers Markets, LLC*, No. 2:19-cv-00771-JAM-DB, 2019 WL 4187734, at *3 (E.D. Cal. Sept. 4, 2019); *Brown v. Target Corp.*, No. CV 16-

7384-JFW (ASx), 2016 WL 6781100, at *2 (C.D. Cal. Nov. 16, 2016) (collecting cases); *Cleveland v. West Ridge Acad.*, No. 1:14-cv-01825-SKO, 2015 164592, at *5 (E.D. Cal. Jan. 13, 2015) (collecting cases).

      Here, Plaintiff served on Defendant a Statement of Damages, providing information on damages he seeks, which specifically list a minimum amount of recovery sought for attorney's fees and prejudgment interest. *See* Statement of Damages. Thus, the Court finds Plaintiff's Statement of Damages[6] qualifies as an "other paper" within the meaning of the statute that triggers the thirty-day removal clock. Therefore, Defendant had thirty days from April 19, 2022—the date Defendant was served with Plaintiff's Statement of Damages—to remove this case. Defendant removed the case on May 17, 2022. Thus, removal was timely.

      Accordingly, because there is complete diversity and removal was timely, the Court has subject matter jurisdiction and remand is improper.[7]

***

---

[6] The Court may consider "summary-judgment-type evidence relevant to the amount in controversy at the time of removal" when ruling on a motion to remand. *Kroske*, 432 F.3d at 980 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)).

[7] "Where the complaint does not specify amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566). The parties do not dispute whether the amount in controversy exceeds $75,000, as is required for this Court to maintain subject matter jurisdiction. *See generally* Doc. Nos. 5, 7. In any event, Defendant provided in its Notice of Removal a copy of Plaintiff's Statement of Damages, in addition to introduction of jury verdicts in other cases as evidence to show the amount in controversy exceeds the jurisdictional minimum. Notice of Removal at 7–11. And Plaintiff did not dispute or rebut Defendant's assertion concerning the amount in controversy—and he appears to agree the amount in controversy well exceeds $75,000. *See* Doc. No. 5 at 6. The amount in controversy has thus been satisfied. Accordingly, the Court has subject matter jurisdiction.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand.

**IT IS SO ORDERED**.

Dated: September 2, 2022

*/s/ Michael M. Anello*

HON. MICHAEL M. ANELLO
United States District Judge